UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDALEE MOORE,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH ELAINE WOODS,<br><br>Defendant. | Case No. 3:26-cv-05105-TMC<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Brendalee Moore and Robert Moore ("Robert")[1] entered into a committed relationship in December 2021. Dkt. 16 ¶ 2. Robert was diagnosed with a brain tumor in 2023. *Id.* ¶ 3. On October 13, 2023, Robert changed his beneficiary designation with Metropolitan Life Insurance Company ("MetLife") to Moore, allocating ninety percent of the policy benefits to her. *Id.* ¶ 4. On October 16, the couple was married, and Robert died later that day. *Id.* ¶¶ 5–6.

Defendant Elizabeth Elaine Woods was previously married to Robert for six years until they divorced in 2016. *Id.* ¶ 1. When Robert changed his designated beneficiary in October 2023, Woods's daughter was a beneficiary to receive twenty percent of the policy benefits; Woods was

[1] The Court uses Mr. Moore's given name to easily distinguish between him and the plaintiff.

not a beneficiary at all. *Id.* ¶ 7; Dkt. 1 ¶ 8. After MetLife informed Woods's daughter that she was no longer a beneficiary of Robert's MetLife plan and that the October 2023 policy designation was valid at the time of his death, Woods challenged the changed beneficiary designation. *Metropolitan Life Ins. Co. v. Moore*, Case No. 3:24-cv-05890-TMC, 2025 WL 1993211, *1 (W.D. Wash. Jul. 17, 2025). According to Moore, Woods informed MetLife that she suspected the October 2023 designation and marriage were fraudulently orchestrated by Moore. Dkt. 1 ¶ 18. Moore claims that Woods also sent a letter to MetLife and supported her suspicions with multiple false statements. *Id.* ¶¶ 19–20.

As a result, MetLife filed an interpleader action seeking declaratory relief. *Metropolitan Life*, WL 1993211 at *1. Moore claims that she incurred $191,703.70 in attorney's fees and costs to defend against the interpleader. Dkt. 15 ¶ 72. Additionally, Moore claims that Woods made false statements to two of Robert's close friends causing them to break ties with Moore. Dkt. 16 ¶¶ 12–15. Moore alleges that Woods' conduct "caused significant emotional distress." *Id.* ¶ 16.

Based on her allegations, Moore brought five claims against Woods: Tortious Interference with a contract, three defamation claims, and intentional infliction of emotional distress. Dkt. 1 at 5–8. She seeks $191,703.70 to recover the attorney's fees she incurred, $100,000 each for the other four claims, and any accrued interest. Dkt. 16 ¶¶ 18–23. Despite adequate service, Woods did not respond to Moore's complaint. Dkt. 13. Now, Moore seeks default judgment against Woods. Dkt. 15.

## II. JURISDICTION

The Court first examines its jurisdiction when evaluating a motion for default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has diversity jurisdiction here because the parties are citizens of different states, and the amount in controversy—the damages

sought by Moore—exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1); Dkt. 1 ¶ 3. The Court also has personal jurisdiction over Woods. *See* Dkt. 1 ¶ 4.

## III. DISCUSSION

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations and quotation marks omitted); Fed. R. Civ. P. 8(b)(6). A plaintiff seeking damages "must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain." Local Rules W.D. Wash. LCR 55(b)(2). This requires a plaintiff to

> provide a concise explanation of how all amounts were calculated [and] support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought. If the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions.

*Id*.

Here, Moore's default judgment motion suffers from several defects that prevent the Court from conducting a thorough analysis under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

First, Moore's analysis of likelihood of success on the merits and sufficiency of the complaint provides no legal authority. She cites no case law on the elements of her claims or why her allegations satisfy them. It is not the Court's job to do this work for her.

Second, Moore claims attorney's fees as damages that appear to have resulted from a contingent fee agreement, not the actual time incurred in the interpleader action. *See* Dkt. 15 at 7.

Moore provides no legal authority that contingent attorney's fees paid in an interpleader action are recoverable damages under her legal theories.

Third, many of Moore's allegations regarding her entitlement to emotional distress damages are conclusory. She asks for $100,000 for each claim, without detailing the harm suffered from any alleged defamatory statement, or providing any legal authority for how to value that harm in the default judgment context. The Local Civil Rules require more evidence in support of her damages' claims.

A district court's decision to grant or deny a default judgment motion is discretionary. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016); *see* Fed. R. Civ. P. 55(b)(2) (discussing the district court's options to determine the amount of damages to enter judgment). Plaintiff has simply not supported her motion with sufficient legal authority or evidence to support the significant damages award that she seeks or allow a sufficient analysis of the *Eitel* factors for the Court to enter judgment in her favor. The Court therefore DENIES the motion for default judgment without prejudice to refiling.

## IV. CONCLUSION

For the reasons explained above, the Court DENIES Moore's motion for default judgment (Dkt. 15). If Moore refiles her motion, she must cite sufficient legal authority to show the sufficiency of her complaint under the *Eitel* factors and her entitlement to the damages she seeks, and she must support the amount of each portion of claimed damages with sufficient evidence.

Dated this 25 day of November, 2026.

Tiffany M. Cartwright
United States District Judge